IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CANDI M. SMITHSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-470-F |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Candi Smithson seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings[1] in light of a failure to consider a treating physician's opinion and comply with SSA guidelines in the evaluation of an impairment.

I.  BACKGROUND

Ms. Smithson applied for insurance benefits based on an alleged disability. Administrative Record at pp. 42-45 (certified May 20, 2005) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 22-23. An administrative law judge conducted a hearing[2] and found that Ms. Smithson was not disabled in light of her ability to

---

[1] The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Apr. 26, 2005).

[2] *See* Rec. at pp. 575-619.

perform past relevant work or other jobs that were light or sedentary.[3] The Appeals Council declined jurisdiction,[4] and the present action followed.

The Plaintiff alleges: (1) a failure to assess her reflex sympathetic dystrophy ("RSD") under the appropriate guidelines, (2) a failure to properly evaluate a treating physician's opinion, (3) a failure to consider certain evidence in connection with the residual functional capacity, (4) a lack of substantial evidence to support the decision, and (5) an erroneous credibility evaluation.  Social Security Opening Brief at pp. 12-21 (July 27, 2005) ("Plaintiff's Brief").

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

---

[3]     Rec. at pp. 13-17.

[4]     Rec. at pp. 5-8.

III.    FAILURE TO PROPERLY ASSESS THE RSD

According to the Plaintiff, the administrative law judge failed to properly assess her RSD. Plaintiff's Brief at pp. 14-16. The Plaintiff is correct.

    A.    <u>Reflex Sympathetic Dystrophy</u>

RSD is a chronic pain syndrome which implicates the sympathetic nervous system. *See* Social Security Ruling 03-2p, Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome, 2003 WL 22399117, Westlaw op. at 1 (Oct. 20, 2003). Individuals with the condition often report burning, aching, or searing pain which is disproportionate to the severity of the precipitating injury. *See id.*, 2003 WL 22399117, Westlaw op. at 2. Conflicting evidence in the medical record is not unusual in cases of RSD because of the transitory nature of the findings and the complicated diagnostic process involved. *See id.*, 2003 WL 22399117, Westlaw op. at 5.

If the plaintiff suffers from RSD, the administrative law judge must evaluate the intensity, persistence, and limiting effect of the symptoms to determine how they limit the ability to perform basic work activities. *See id.,* 2003 WL 22399117, Westlaw op. at 6. Medical opinions from treating sources about the nature and severity of the impairment are entitled to deference and sometimes controlling weight. *See id.*, 2003 WL 22399117, Westlaw op. at 5. In evaluating a claimant's residual functional capacity, the adjudicator must carefully consider the effects of the pain and the related treatment. *See id.*, 2003 WL 22399117, Westlaw op. at 7.

B.   The Failure to Properly Assess the Pain Medications and Related Effects

The administrative law judge failed to discuss the use and effect of the pain medications.

The SSA has stated:

Chronic pain and many of the medications prescribed to treat it may affect an individual's ability to maintain attention and concentration, as well as adversely affect his or her cognition, mood, and behavior, and may even reduce motor reaction times. These factors can interfere with an individual's ability to sustain work activity over time, or preclude sustained work activity altogether. When evaluating duration or severity, as well as when evaluating [residual functional capacity], the effects of chronic pain and the use of pain medications must be carefully considered.

*Id.*, 2003 WL 22399117, Westlaw op. at 5.

At the hearing, the Plaintiff testified that she was then using Trazodone, Stadol, Ultram, Clonidine, Phenergan, Zonalon, and Trileptal. Rec. at pp. 583-84. According to Ms. Smithson, the Trazodone and Stadol caused drowsiness and required her to sleep from one to four hours, two or three times per day. *Id.* at p. 589. Records from a treating physician, Dr. Masood Hashmi, confirmed that the Stadol and Ultram had not alleviated the pain and that the Stadol had caused sleepiness. *Id.* at pp. 354, 358-60, 366, 368, 371, 375. This evidence triggered a duty for the administrative law judge to discuss the Plaintiff's medications and their potential side effects. *See supra* p. 3; *see also Ferstl v. Barnhart*, 360 F. Supp. 2d 1181, 1194 (D. Kan. 2005) (remanding for consideration of medications and their

effects on a claimant who suffered from RSD). The decision omitted any such discussion. *See* Rec. at pp. 12-18.[5]

According to the Defendant, the administrative law judge properly considered the medications when he noted that Ms. Smithson had obtained "good relief" following nerve blocks. Brief in Support of the Commissioner's Decision at p. 5 (Sept. 26, 2005) ("Defendant's Brief"). Indeed, the judge remarked that "[i]n June 2003 the claimant related to her physician that she had had 'good relief' with nerve blocks." Rec. at p. 15 (citation omitted). This explanation was misleading.

When Ms. Smithson allegedly reported "good relief" following nerve blocks, she had also "experienc[ed] numbness on the [left] side of her face." *Id.* at pp. 371, 375. And the day following the treatment, the Plaintiff rated her pain as a "7" on a 10-point scale. *Id.* at p. 371. The judge failed to mention this evidence, focusing instead on the notation of "good relief." Consideration of the medical evidence was selective, requiring reversal and remand. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the [administrative law judge] to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").[6]

---

[5]   The administrative law judge stated that the Plaintiff had testified that the pain medication caused fatigue. Rec. at p. 14. But the judge did not comment on his views involving the Plaintiff's testimony or Dr. Hashmi's related opinions. *See id.* at pp. 12-18.

[6]   Relief following nerve blocks may not involve a permanent solution to a person with RSD. According to the SSA, "[p]atients who are noted to have a good response to local sympathetic blocks may be considered candidates for surgical sympathectomy." Social Security Ruling 03-2p, Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex
(continued...)

IV.   FAILURE TO CONSIDER A TREATING PHYSICIAN'S OPINION

From January 2003 to July 2004, Dr. H. Hooshmand treated Ms. Smithson for RSD. *See* Rec. at pp. 379-82, 393-98, 557-58. Ms. Smithson alleges a violation of the treating physician rule through the administrative law judge's evaluation of Dr. Hooshmand's opinion. Plaintiff's Brief at pp. 13-14, 15-16. The judge did err in this evaluation.

    A.   The Evaluation of a Treating Source's Opinion

The SSA generally gives greater weight to the opinions of sources who have treated the claimant than those who have not. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005); 20 C.F.R. § 404.1527(d)(2) (2004). A sequential process is necessary when an administrative law judge assesses a treating physician's opinion. First, the administrative law judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the inquiry ends. *See id.* But if the opinion is well-supported, the judge must confirm that the opinion is consistent with other substantial evidence in the record. *See id.* If the opinion is deficient in either respect, it is not entitled to controlling weight. *See id.* At that point, the administrative law

---

[6](...continued)
Regional Pain Syndrome, 2003 WL 22399117, Westlaw op. at 3 (Oct. 20, 2003). This procedure permanently disrupts the sympathetic innervation of the affected region and creates a risk of later implications. *See id.* Thus, although Ms. Smithson may have had relief from the nerve blocks, she could reasonably expect future pain and the possibility of surgical intervention.

judge must weigh the opinion based on multiple factors[7] and "give good reasons" for the weight assigned to the opinion.[8] The judge may reject a treating source's opinion outright only on the basis of contradictory medical evidence. *See id.* If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

### B. Dr. Hooshmand

Dr. Hooshmand is a pain management specialist who treated the Plaintiff for RSD from January 2003 to July 2004. *See* Rec. at pp. 379-82, 393-98, 557-58. At the hearing, Ms. Smithson stated that approximately every six months, she traveled to Florida for this treatment. *Id.* at pp. 581-82.

Approximately two weeks before the hearing, Ms. Smithson had visited Dr. Hooshmand on two occasions for nerve blocks. *See id.* at p. 559. Dr. Hooshmand's notes stated that the Plaintiff had then suffered from anxiety; changes in sensation; headaches, localized weakness; memory loss; numbness; tingling; tremors; excessive sweating; easy bleeding and bruising; aches and swelling of joints; morning stiffness; muscle aches; muscle

---

[7] These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082.

[8] *See Robinson v. Barnhart*, 366 F.3d at 1082.

cramping and spasms; and pain in her left shoulder, collarbone, hands and arms, and lumbar spine. *Id.* at pp. 557-60.

As alleged by the Plaintiff, the administrative law judge rendered his decision without mention of Dr. Hooshmand's treatment or latest opinion. *See* Rec. at pp. 12-18. The judge should have evaluated the opinion and explained any related findings. *See supra* p. 8. Absent such an evaluation and explanation, the Court should reverse and remand. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) (*per curiam*) ("Because we conclude that the [administrative law judge] did not follow the correct legal standards in considering the opinion of claimant's treating physician, we reverse and remand for further proceedings.").[9]

## V.     THE PLAINTIFF'S REMAINING ALLEGATIONS OF ERROR

The Plaintiff also challenges the administrative law judge's credibility findings and alleges a lack of substantial evidence for the decision. Plaintiff's Brief at pp. 12, 15-18. These issues need not be addressed.

---

[9]   Ms. Barnhart argues that Dr. Hooshmand's opinion did not conflict with the ability to perform light or sedentary work. Defendant's Brief at pp. 3-4. In support, the Defendant relies on *Howard v. Barnhart*, 379 F.3d 945 (10th Cir. 2004). *Id.* at p. 4. In *Howard*, the plaintiff challenged the assessment of residual functional capacity as conclusory and lacking substantial evidence. *See Howard v. Barnhart*, 379 F.3d at 947. The Tenth Circuit Court of Appeals rejected the claim because: (1) the administrative law judge had discussed all of the relevant evidence, and (2) none of the evidence conflicted with the judge's conclusion that the plaintiff could perform light work. *Id. Howard* is inapplicable for two reasons. First, unlike the administrative law judge in *Howard*, the one here omitted any mention of the medical opinion. *See* Rec. at pp. 12-18. Second, the opinion might have conflicted with the conclusion that Ms. Smithson could perform light or sedentary work. *See Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993). Without an analysis of the medical opinion, one can only guess at how the administrative law judge would have assessed these matters.

The suggested remand would require consideration of Dr. Hooshmand's opinion, which would entail a reevaluation of residual functional capacity. This reassessment could affect the findings regarding credibility. As a result, the Court need not consider the Plaintiff's credibility challenge. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

Likewise, the judge's errors prevent any meaningful review of whether the decision was based on substantial evidence. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213-14 (10th Cir. 2001) ("when, as here, an [administrative law judge] does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the [administrative law judge's] determination" (citations omitted)). In the absence of an express evaluation regarding Dr. Hooshmand's opinion and the Plaintiff's medications and possible side effects, the Court would have to speculate regarding the evidentiary support for the decision. Thus, the Court cannot determine whether the administrative law judge's decision is supported by substantial evidence. This determination can only be made following the suggested reevaluation on remand.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is December 18, 2005.

*See* W.D. Okla. LCvR 72.1(a).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VII.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of November, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge